# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH WOLL, :
      Plaintiff : Action No. 3:15-CV-2238
:
v. : (Judge Nealon)
:
CAROLYN W. COLVIN, : (Magistrate Judge Saporito, Jr.)
Acting Commissioner of Social Security, :
      Defendant :

**FILED**
**SCRANTON**

## MEMORANDUM

FEB 2 8 2017

PER _____
DEPUTY CLERK

### Background

On November 21, 2015, Plaintiff, Keith Woll, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). On January 27, 2016, Defendant filed an Answer and Transcript. (Docs. 9 and 10). On March 17, 2016, Plaintiff filed a brief in support of his complaint. (Doc. 14). On April 18, 2016, Defendant filed a brief in opposition. (Doc. 16). On April 27, 2016, Plaintiff filed a reply brief. (Doc. 17). A Report and Recommendation ("R&R") was issued by United States Magistrate Judge Joseph F. Saporito, Jr., on February 2, 2017, recommending that the appeal be denied, the decision of the Commissioner be affirmed, and final judgment be entered in favor

of Defendant and against Plaintiff. (Doc. 18). Plaintiff filed objections, (Doc. 19), on February 16, 2017, and Defendant filed a response to objections, (Doc. 20), on February 27, 2017, making the matter ripe for review. Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court") (citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process")). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of

judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that substantial evidence supports the administrative law judge's ("ALJ") decision that Plaintiff was not disabled. The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled, which are herein adopted as such. (Doc. 18, pp. 12-17). The Magistrate Judge also thoroughly reviews the case background, medical records, and the ALJ's decision, also herein adopted as such. (Id. at pp. 1-12, 17-19). Magistrate Judge Saporito determines, with regards to Plaintiff's mental health impairments, the ALJ did not err: (1) when she discounted LCSW Stock's opinion; (2) in determining that Plaintiff did not meet the criteria for

Listings 12.04 or 12.06; (3) in not incorporating all of the limitations as opined by LCSW Stock because this opinion was properly discredited; (4) in the evaluation of Plaintiff's Global Assessment of Functioning score; or (5) in failing to incorporate limitations in concentration, persistence, or pace opined by LCSW Stock in the hypothetical questions posed to the vocational expert. (Doc. 18, pp. 19-34). With regards to Plaintiff's physical impairments, the Magistrate Judge determined that the ALJ did not err: (1) in discounting the opinion of Dr. Sioma; (2) in determining that Plaintiff's gastritis was non-severe at Step Two; and (3) in not including all alleged physical limitations in the RFC assessment because Dr. Sioma's opinion was properly discredited. (Id. at 34-42). Ultimately, Magistrate Judge Saporito recommends that Plaintiff's appeal be denied, the decision of the Commissioner be affirmed, and judgment be entered in favor of Defendant and against Plaintiff because the decision of the ALJ is supported by substantial evidence. (Id. at 42-45).

Plaintiff filed objections to the R&R on February 16, 2017. (Doc. 19). However, a review of the objections reveal they are all reiterations of arguments Plaintiff raised in his complaint and support brief that were addressed in the R&R by Magistrate Judge Saporito. See (Doc. 14, pp. 12-33); (Doc. 18, pp. 19-42). Consequently, because Plaintiff is merely repeating arguments that were thoroughly addressed by the Magistrate Judge and is not making specific

4

objections to the R&R, judicial economy[1] demands they be reviewed for clear error as opposed to de novo review. See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008). See also Cruz, 990 F. Supp. at 377 (In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.).

After a review of the record and the R&R, it is determined that the there is no clear error in the Magistrate Judge's conclusion that substantial evidence supports the ALJ's decision. Therefore, Magistrate Judge Saporito's R&R will be adopted, Plaintiff's objections will be overruled, Plaintiff's appeal will be denied, the decision of the Commissioner will be affirmed, and final judgment will be

---

[1] The United States District Court for the Middle District of Pennsylvania currently has approximately three-hundred and fifty (350) pending Social Security Disability Appeals.

entered in favor of Defendant and against Plaintiff.

A separate Order will be entered.

**Date:** February 28, 2017

                                                          **/s/ William J. Nealon**
                                                          **United States District Judge**